IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW L. B., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | No. 3:22-cv-438-BN |
| KILOLO KIJAKAZI, Acting § | |
| Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrew L. B. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments. After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 9, 2016. *See* Dkt. No. 10-1 at 54-80 (Administrative Record ("AR") at 45-71). At the time of this hearing, Plaintiff was forty-nine years old. He has a high school education with some college courses and has past work experience as an accountant. The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 30, 2012.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See* Dkt. No. 10-1 at 166-173 (AR at 157-164) (2016 ALJ Decision). Although the medical evidence established that Plaintiff suffered from shoulder impairment, spinal stenosis, and left arm impairment, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a final assembler, a table worker, or a waxer – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council remanded the case.

The ALJ held another hearing on August 22, 2018. *See* Dkt. No. 10-1 at 81-115 (AR at 72-106). At the time of this hearing, Plaintiff was fifty-one years old. The ALJ again found that Plaintiff had not engaged in substantial gainful activity since April 30, 2012; that Plaintiff suffered from shoulder impairment, spinal stenosis, and left arm impairment; and that Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to his past relevant employment. *See* Dkt. No. 10-1 at 186-197 (AR at 177-188) (2019 ALJ Decision). But, because Plaintiff's age category changed, the ALJ found that Plaintiff became disabled starting on May 26, 2017 and issued a partially-favorable decision.

Plaintiff appealed that decision to the Appeals Council. The Council again remanded.

Another ALJ held a third hearing on May 5, 2021. *See* Dkt. No. 10-1 at 116-147 (AR at 107-138). At the time of this hearing, Plaintiff was fifty-three years old. The ALJ found that Plaintiff had not engaged in substantial gainful activity from May 27, 2017, the day after he became disabled, to December 31, 2018, the last date that he met the insured status requirements of the Social Security Act.

This time, the ALJ found that Plaintiff was not and never became disabled and therefore was not entitled to disability benefits. *See* Dkt. No. 10-1 at 28-41 (AR at 19-32) (2021 ALJ Decision). Although the medical evidence established that Plaintiff suffered from chronic pain syndrome, degenerative disc disease, degenerative joint disease of the hips and right shoulder, osteoarthritis, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform his past relevant work as an accountant.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ improperly gave little weight the opinions of one of his treating and examining physicians; and (2) the ALJ failed to comply with the second Appeals Council's orders on remand.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.*

But the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448.

"Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ erred in assigning the opinions of treating physician Dr. Guadalupe Zamora little weight because his opinions were inconsistent with "generally benign" clinical findings and evidence that Plaintiff improved with medication, without conducting the detailed analysis required by 20 C.F.R. § 404.1527(c).[1]

As the Fifth Circuit has explained, for "claims filed after March 27, 2017," "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past," and "an ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021) (cleaned up). But Plaintiff "filed his application in 2014 (See AR at 461), and the modified regulations are therefore inapplicable." Dkt. No. 14 at 10 n.12.

Under the law that governs this matter, the opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id.* at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See id.* at 455; 20 C.F.R. § 404.1527(c)(2).

In decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of

the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

Here, the ALJ gave "limited weight" Plaintiff's treating physician's opinions without a controverting treating or examining opinion:

> Limited weight has also been assigned to the medical opinion provided by Guadalupe Zamora, M.D. (Exhibit 28F). Dr. Zamora opined the claimant could never lift any weight and could sit for a total of 3 hours in an 8-hour workday and stand and/or walk 3 hours in an 8-hour workday Dr. Zamora also opined he would be off task at least 25% of the time an absent at least three days a month. In addition, Dr. Zamora opined there was evidence of a compromise of a nerve root, nerve root, root compression, limited motion, and motor loss. After a review of the medical evidence, including testimony provided at the hearing, the undersigned finds Dr. Zamora's opinion is not consistent with or supported by the evidence of the record.
> Although Dr. Zamora provided extreme limitations, the results of his own examinations since the alleged onset date and prior to the date last insured were generally benign. In fact, the results of his own examination showed that the claimant had intact sensations, no malalignment or tenderness in the musculoskeletal system, and normal ambulation, strength, tone, movement of all extremities, gait, station, and curvature of the thoracolumbar spine (Exhibit 27F/5, 17). These benign findings are contrary to Dr. Zamora's restrictive findings. In addition, progress notes prior to the date last insured showed his medication provided a reduction in pain, the medication was "working well," and the medication provided a significant improvement in both daily functioning and quality of life with no reported side effects, habituation, or tolerance (Exhibit 29F/1-2). Therefore, limited weight has been afforded to Dr. Zamora's opinion.
> ….
> Moreover, little weight has been afforded to the medical statement provided by Guadalupe Zamora, M.D., (Exhibits 13F; 18F; 27F/45). Dr. Guadalupe opined the claimant was "totally disabled and unable to work." Statements indicating the claimant is "disabled" or "unable to work" are not medical opinions as described in 20 CFR 404.1527(d) and 416.927(d). Rather, these types of statements are administrative findings that are dispositive of a case and are reserved to the Commissioner. Therefore, these types of statements will not be binding on the Administration and no special significance will be afforded to a source of an opinion on any issues reserved to the Commissioner. As

with any medical opinion, the opinion will be evaluated with the medical evidence in record to determine the extent to which such opinions are supported by the record. Moreover, Dr. Guadalupe does not provide any type of functional limitations. For these reasons, Dr. Guadalupe's opinion is afforded little weight.

AR at 30-31.

Therefore, pursuant to *Newton*, the ALJ was required to consider each of the Section 404.1527(c) factors prior to giving limited or little weight to Dr. Zamora's opinions. *See, e.g.*, *Beasley v. Barnhart*, 191 F. App'x 331, 336 (5th Cir. 2006) ("[A]bsent reliable medical evidence from a treating or examining physician controverting [the treating physician's] opinion, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a *detailed analysis* of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)](2)." (quoting *Newton*, 209 F.3d at 453; first emphasis in *Newton*; second emphasis in *Beasley*)).

Here, the ALJ did not profess to profess to apply the Section 404.1527(c) factors. Although the Commissioner identifies two of the six Section 404.1527(c) factors addressed in the ALJ's decision (consistency and supportability), the ALJ's decision must reflect consideration of all the factors, not just some of them. And the ALJ does not appear to have considered all of the Section 416.1527(c) factors in this case, including Dr. Zamora's length and frequency of treatment and the nature or extent of the treatment relationship.

That was legal error, and that error was not harmless. As Plaintiff notes, "Dr. Zamora considered [Plaintiff] far more limited than the ALJ found in his decision.

While the ALJ found [Plaintiff] could lift up to twenty pounds occasionally (AR at 24), Dr. Zamora restricted [Plaintiff] to occasional lifting of less than ten pounds (AR at 747). And the ALJ's RFC finding, despite allowing a sit/stand option, makes no such allowance for time off task, much less absenteeism. (See AR at 24.) Yet Dr. Zamora predicted unscheduled rest breaks every one or two hours and workplace absences four or more times per month. (AR at 746, 747.)" Dkt. Np. 14 at 11-12. Had the ALJ given more weight to Dr. Zamora's opinions, he may have found Plaintiff disabled.

In response, as Plaintiff's reply brief acknowledges, the "Commissioner suggests the ALJ had no duty to evaluate treating physician Guadalupe Zamora's opinions because the physician also submitted a typed correspondence dated September 15, 2017, which described [Plaintiff] as 'totally disabled,'" and the "Commissioner is correct, of course, to flag the remark as a legal conclusion reserved to the Administration." Dkt. No. 16 at 1. The Fifth Circuit has distinguished between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and cannot work. *See Miller v. Barnhart,* 211 F. App'x 303, 305 (5th Cir. 2005). An ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because those decisions are reserved for the Commissioner. *See id.* (citing *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003)).

But a physician's statement is often comprised of multiple opinions that merit varying levels of scrutiny. *See Price v. Astrue,* 572 F. Supp. 2d 703, 711 (N.D. Tex. 2008). And "[t]he ALJ is not permitted to reject all of a treating source's medical

-11-

opinions simply because the source also opined – even if in a conclusory manner – that the claimant is 'disabled' or 'unable to work.'" *Nalls v. Astrue*, 3:08-cv-534-D, 2008 WL 5136942, at *5 (N.D. Tex. Dec. 8, 2008).

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion].

SO ORDERED.

DATED: November 21, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE